UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION – BAY CITY

IN RE:

    BARRETT HOLLOWAY MOORE,
        Debtor.
_____/

BRAD THOR,
       Plaintiff,

v.

BARRETT HOLLOWAY MOORE,
       Defendant.
_____/

Case No. 17-20106-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

Adversary Proceeding
Case No. 17-02039-dob

## OPINION REGARDING DEFENDANT'S MOTION FOR RECONSIDERATION OF APRIL 27, 2023 OPINION AND ORDER REGARDING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT LIMITED TO ISSUE OF CAPPED DAMAGES AMOUNT

The Court entered an Opinion and Order Denying Defendant Barrett Holloway Moore's Motion for Summary Judgment on April 27, 2023. On May 11, 2023, Defendant filed a Motion for Reconsideration of this Opinion and Order, asserting that two palpable defects were made by the Court on the limited issue of whether the Plaintiff's damages should be capped at $350,000.00. First, Defendant asserts that the Court did not consider Plaintiff's Amended and Supplemental Responses to Defendant's First Set of Combined Discovery Requests filed on December 29, 2017 at Docket No. 28. Second, Defendant asserts that the Court "misinterprets Defendant's argument requesting a damages cap," as a collateral estoppel argument, which is incorrect because that argument was not based upon collateral estoppel, but rather, was based upon Plaintiff's own admissions "under oath" as to this capped amount.

Pursuant to Rule 9024-1(a) of the Local Rules for the U.S. Bankruptcy Court for the Eastern District of Michigan, a motion for reconsideration may be filed within fourteen (14) days

1

after the order to which it objects is issued. It should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect <u>and</u> that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. To establish a "palpable defect," the moving party generally must point to a: "(1) clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Henderson v. Walled Lake Consol. Schools*, 469 F.3d 479, 496 (6th Cir. 2006) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (analyzing "palpable defect" standard in the context of a Federal Rule of Civil Procedure 59(e) motion to alter or amend judgment, which was held to be consistent with the applicable local rule "palpable defect" reconsideration standard). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002) (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)).

Defendant takes issue with the Court characterizing the issue of damages being capped at $350,000 as a collateral estoppel issue, but this is how it is initially presented to the Court. The Plaintiff bases his claim on the $350,000 Consent Judgment. The Consent Judgment contains the standard, general language, recognizing that Defendant submitted an offer to settle pursuant the MCR 2.405, which Plaintiff accepted, and recites the amount agreed to and enters judgment in that amount. The Consent Judgment is silent as to the conclusiveness of the issues before this Court in this adversary proceeding. On its face, it would be improper for this Court to limit damages solely on the Consent Judgment.

2

Defendant, however, follows up on this argument by making a more compelling statement that the Court should rely on Plaintiff's Initial Disclosures and Answers to Interrogatories. In particular, Plaintiff made the following Initial Disclosure:

"C. Computation of damages claimed by Plaintiff.

1. **Not applicable**. Plaintiff has already obtained a State Court Judgment and is seeking to have it deemed non-dischargeable."

Defendant confirmed Plaintiff's damage claims with the following interrogatory, which Plaintiff answered:

13. Describe in detail all damages and other amounts that you contend constitute the non-dischargeable debt(s) that you assert Defendant owes you, including Identifying (a) all Persons with knowledge, information or Documents relating to such damages and (b) all Documents and Communications relating to such damages.

Answer: *See* Preliminary Objection to Interrogatory No. 1 and Plaintiff's Initial Disclosures. In further answer, **the Plaintiff relies on his filed proof of claim** in the Defendant's chapter 7 bankruptcy case cited above. *See* Claim No. 1 (Dated: October 11, 2017). [DN 28, p. 30 (emphasis added)]

Defendant argues that these admissions serve the basis for reconsideration of his motion for summary judgment.

Taken in this light, Defendant is correct. Initial Disclosures and Answers to Interrogatories are binding for summary judgment purposes. *See Ferguson v. Neighborhood Hous. Servs. of Cleveland, Inc.*, 780 F.2d 549, 550-51 (6th Cir. 1986). Otherwise, discovery and other pretrial devices would be meaningless. The Court finds that Defendant has demonstrated palpable defect as to this second argument that results in a partial disposition in that Plaintiff's damages are limited to $350,000 as originally stated in the Consent Judgment, with an adjustment to $363,763.71 as stated in Plaintiff's Proof of Claim, with a reservation for Plaintiff

3

and Defendant to adjust these amounts for properly supported costs and interest as allowed by Michigan law.

Counsel for Defendant is directed to prepare an order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on June 6, 2023**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge